**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO.:**

**NICOLE GUITTEREZ,**
**an Individual,**

**Plaintiff,**

**v.**

**KAUFMAN LYNN CONSTRUCTION, INC.,**
**a Florida Profit Corporation,**

**Defendant.**
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **NICOLE GUITTEREZ** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, **KAUFMAN LYNN CONSTRUCTION, INC.** ("Defendant"), and hereby states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES. JURISDICTION, AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant is a Florida Profit Corporation that operates and conducts business in, among others, Palm Beach County, Florida, and is thus within this court's jurisdiction.

4. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

5. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Palm Beach County, Florida.

6. Plaintiff worked for Defendant in Palm Beach County, Florida, and therefore the proper venue for this case is the West Palm Beach Division of the Southern District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

**FACTUAL ALLEGATIONS**

9. Plaintiff worked for Defendant as a Payroll Manager from August 28, 2017, until her termination on April 26, 2024.

10. During her tenure, Ms. Guitterez was an excellent employee, who had no significant history of non-FMLA related attendance, performance, or disciplinary issues.

11. Unfortunately, a stressful and hostile work environment caused her to develop mental health issues.

12. As early as 2022, Defendant's Chief Financial Officer, Doug Simms ("Mr. Simms"), began to ask Plaintiff to perform unlawful and unethical actions such as essentially syphoning money from the company and into Defendant's Chief Executive Officer, Michael I. Kaufman's ("Mr. Kaufman) coffers.

13. When Plaintiff refused, she became a target of Defendant's vindictive upper management, including Human Resources Director, Tayler Kirsch ("Ms. Kirsch").

14. On August 21, 2023, Plaintiff had a one on one meeting with her supervisor, Lane Hacker ("Mr. Hacker"), regarding Ms. Kirsch's harassing and belittling email communications.

15. Mr. Hacker told Plaintiff that he would speak to Ms. Kirsch, but never did.

16. Plaintiff and Mr. Hacker had weekly meetings, where Plaintiff would reiterate her objections to Ms. Kirsch's communications.

17. Despite Mr. Hacker's assurances that he would speak to Ms. Kirsch regarding the emails, nothing was ever done.

18. Instead, Mr. Hacker began to micromanage and scrutinize Plaintiff to a degree that had never been done in Plaintiff's previous five (5) years with Defendant.

19. In November 2023, Plaintiff began to see a psychiatrist for stress, depression and Obsessive Compulsive Disorder.

20. On December 1, 2023, Plaintiff had her annual performance review where she was given her worst score of her time with Defendant, not due to any work deficiencies, but because she was penalized for working while on vacation instead of handing off tasks to a staff accountant.

21. On December 13, 2023, due to her mental health conditions, Plaintiff applied for, and was approved for, continuous FMLA leave, beginning on December 13, 2023, and lasting through March 14, 2024.

22. At the end of her FMLA leave period, Plaintiff returned to work and resumed her duties.

23. On April 26, 2024, just a few weeks after Plaintiff's return from FMLA leave, Mr. Simms and Mr. Hacker informed Plaintiff that Defendant had decided to terminate her employment, effective immediately.

24. It is clear that Defendant retaliated against Plaintiff due to her serious health condition and her utilization of FMLA leave.

25. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pretextual.

26. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for taking protected FMLA leave.

27. Defendant's actions were unlawful and constitute actionable violations of the FMLA.

28. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

29. The timing of Defendant's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case.*

30. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

31. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

32. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

33. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

34. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use of protected FMLA leave.

35. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

36. Defendant lacked a subjective or objective good faith basis for its actions, therefore Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA**

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 37, above.

39. At all times relevant hereto, Plaintiff was protected by the FMLA.

40. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

41. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

42. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II**
**UNLAWFUL RETALIATION UNDER THE FMLA**

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 37, above.

45. At all times relevant hereto, Plaintiff was protected by the FMLA.

46. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

47. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

48. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use of leave pursuant to the FMLA.

49. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

50. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 23rd day of April, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*